UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORESTES CABRERE ALFONSO, A-074-124-585, | No. 1:26-cv-00113-DC-DMC (HC) |
| Petitioner, | |
| v. | ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS |
| CHRISTOPHER CHESNUT, et. al., | (ECF No. 12) |
| Respondents. | |

Petitioner, an immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

On March 27, 2026, the magistrate judge filed findings and recommendations herein which were served on the parties, and which contained notice that the parties may file objections within the time specified therein. ECF No. 12. On March 27, 2026, Respondents filed objections to the findings and recommendations. ECF No. 13. Respondents object for the same reasons set forth in their answer to the petition. *Id.* However, the magistrate judge addressed those arguments and correctly found that Petitioner's detention is unconstitutional under the standard established in *Zadvydas v. Davis*, 533 U.S. 678 (2001) because Petitioner has been detained for nearly two years and his removal to Cuba is not reasonably foreseeable. ECF No. 12 at 7–9; *see also Diouf v. Napolitano*, 634 F.3d 1081, 1082 (9th Cir. 2011); *Velarde-Maldonado v. Sessions*,

1

No. 17-cv-01018-JJT-MHB, 2017 WL 8231468, at *3 (D. Ariz. June 1, 2017) (finding that petitioner who was detained pursuant to a final removal order for more than six months was entitled to a bond hearing).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the analysis in the findings and recommendations to be supported by the record and by proper analysis, and will be adopted in part. Specifically, the magistrate judge found that pursuant to the Supreme Court's opinion in *Zadvydas v. Davis*, 533 U.S. 678 (2001), Petitioner's prolonged detention violates due process because Petitioner demonstrated he is not likely to be removed in the reasonably foreseeable future, and Respondents did not provide any evidence to rebut that showing.[1] *Id.* at 9. Although the court adopts the magistrate judge's finding that Petitioner's prolonged detention violates due process, the court finds that a bond hearing where the government bears the burden of establishing by clear and convincing evidence that Petitioner is a flight risk or a danger to the community is the appropriate remedy in this case. *See Diouf*, 634 F.3d at 1082 (holding that "an individual facing prolonged detention under 8 U.S.C. § 1231(a)(6) is entitled to release on bond unless the government establishes that he is a flight risk or a danger to the community"); *Sied v. Nielsen*, No. 17-cv-06785-LB, 2018 WL 1876907, at *4 (N.D. Cal. Apr. 19, 2018) (ordering that petitioner facing prolonged detention receive a bond hearing where the government had to prove by clear and convincing evidence that he was a flight

---

[1] In addition to requesting his immediate release, Petitioner requests that the court enjoin Respondents from removing Petitioner to a third country absent compliance with certain procedures. ECF No. 1 at 22. Because there is no evidence Respondents have identified a third country for Petitioner's removal, the court will deny Petitioner's request as too speculative to form a live controversy at this juncture and decline to adopt the magistrate judge's findings and recommendations as to third country removal proceedings. *Morales Sanchez v. Bondi*, No. 5:25-cv-02530-AB-DTB, 2025 WL 3190816, at *4 (C.D. Cal. Oct. 3, 2025) (denying motion for temporary restraining order relating to third country removal procedures where "Petitioner has not identified the specific third country for possible removal, nor demonstrated that Respondents intend to remove him imminently without notice."); *Dao v. Bondi*, No. 2:25-cv-02340-LK, 2026 WL 18626, at *6 n.6 (W.D. Wash. Jan. 2, 2026) (same) (collecting cases). The court's denial of this request is without prejudice, and the court notes that it has previously provided the relief sought by Petitioner to noncitizens facing an imminent threat of third country removal. *See, e.g., A.A.M. v. Andrews*, No. 1:25-cv-01514-DC-DMC, 2025 WL 3485219 (E.D. Cal. Dec. 4, 2025).

2

risk or a danger to justify denial of bond); *Lopez-Cacerez v. McAleenan*, No. 19-cv-1952-AJB-AGS, 2020 WL 3058096, at *6 (S.D. Cal. June 9, 2020) (same).

Accordingly, IT IS HEREBY ORDERED as follows:

1. The findings and recommendations filed March 27, 2026, ECF No. 12, are ADOPTED in part;

2. Petitioner's petition for writ of habeas corpus, ECF No. 1, is GRANTED in part;

3. Within fourteen (14) days of this order, Respondents are directed to provide Petitioner with a bond hearing before an immigration judge where the government shall have the burden to prove by clear and convincing evidence that Petitioner is a flight risk or a danger to the community;

4. Within three (3) days of that bond hearing, Respondents must file a notice of compliance on the docket in this case;

5. The Clerk of the Court is directed to serve this order on the California City Detention Facility; and

6. The Clerk of the Court is directed to enter judgment in favor of Petitioner and close the case.

IT IS SO ORDERED.

Dated:   **May 9, 2026**

Dena Coggins
United States District Judge

3